**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TONY E. BRANTLEY,

Petitioner-Appellant,

v.

MARTY SIRMONS, Warden,

Respondent-Appellee.

No. 09-6032

Western District of Oklahoma

(D.C. No. 5:08-CV-00566-F)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Tony E. Brantley, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2253(c)(1)(A).  We review the legal conclusions of a district court in a habeas proceeding de novo.  *Martin v. Kaiser*, 907 F.2d 931, 933 (10th Cir.1990). Because we conclude that Mr. Brantley has failed to make a substantial showing of a denial of a constitutional right, we deny his request for a COA, and dismiss the appeal.  28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

On April 7, 2004, police responded to a radio call about a suspicious car parked at 2409 South Hudson in Oklahoma City. The occupants of the car told the officers that they were watching 2312 South Hudson because they thought that the occupants of that two-story duplex were making methamphetamine. The officers proceeded to the house, where they smelled a strong chemical odor. Police then saw Mr. Tony Brantley exit the bottom floor of the duplex. Upon seeing the police, Mr. Brantley told the other occupants of the house that the police had come. The officers placed Mr. Brantley in investigative detention. Mr. Brantley told police that there were no other people inside the apartment. However, three other individuals (Mary Howe, Donald Foglesong, and Honey Michael) eventually left the bottom floor apartment. Officers placed them all in investigative detention as well.

Investigators found the elements of a large methamphetamine lab strewn throughout the downstairs apartment, in the front yard, and in a shed attached to the building. In addition to methamphetamine lab materials, police found a love letter written to "Tony" in the bedroom of the house, and pay stubs belonging to Mr. Brantley in the garage. The investigation further revealed that Ms. Michael, Mr. Brantley's girlfriend at the time, was renting the downstairs apartment where most of the drug related materials were found.

Mr. Brantley was found guilty in state court of manufacturing methamphetamine, possession of methamphetamine, and possession of marijuana and was sentenced to eighty-six years in prison. Although Mr. Brantley denied any involvement in the drug business, the government was able to impeach his credibility at trial. For instance, after Mr. Brantley testified that he had never kept items in the downstairs apartment, the government, on cross-examination elicited an admission that three months before the incident at issue in the trial, he had admitted to police that he was operating a meth lab in that same apartment.

After review in the state courts, Mr. Brantley moved for habeas relief under 28 U.S.C. § 2254. He raised Fourth Amendment issues, alleged insufficiency of the evidence, argued that he was improperly impeached, challenged the jury instructions, and claimed that his counsel was ineffective. He also presented new evidence that he contends demonstrates actual innocence: namely, the testimony of Ms. Michael in a codefendant's trial. The matter was assigned to a magistrate judge who recommended that the petition be denied. The district court adopted the magistrate judge's report in its entirety.

**Discussion**

Federal habeas relief is only available when the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "(2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[1]

Mr. Brantley directs our attention to *Schlup v. Delo*, 513 U.S. 298 (1995), and urges that it sets forth the correct law to apply to the facts of this case. *Schlup* provides that when a petitioner presents new evidence of actual innocence and claims of constitutional violations that make it "more likely than not any reasonable juror would have reasonable doubt," *House v. Bell*, 547 U.S. 518, 538 (2006) (applying *Schlup*), habeas courts take a new look at otherwise procedurally barred constitutional claims. Mr. Brantley argues that since he has a factual innocence claim in addition to his claims of constitutional error, the lower standard announced in *Schlup* applies. He seems to read *Schlup* as requiring habeas courts to review the constitutional claims themselves at a lower standard, turning *Schlup*'s gateway analysis into the proper standard for deciding constitutional claims. What he misses is that the actual innocence claim is not grounds for relief, but is only a gateway to review of the alleged constitutional

---

[1]As a preliminary matter, Mr. Brantley is concerned that the courts have not read his briefs. In the proceedings below and in his brief to this court, Mr. Brantley included a paragraph that asks the court to acknowledge that the court has in fact read that paragraph and therefore also read the brief. Since the lower court did not acquiesce to the request, Mr. Brantley is convinced that his brief was not read and that justice has been thwarted.

We disagree. Courts are not required to fulfill the wishes, no matter how seemingly benign, of litigants—pro se or otherwise. A court's permissible choice not to respond to a party's request in no way suggests that the court is not faithfully carrying out its duties.

claims. *Schlup* governs that gateway; it does not address how review is conducted once inside. Because none of Mr. Brantley's constitutional claims are procedurally barred, he is already inside the gateway and *Schlup* is of no further relevance.

We agree with the district court that Mr. Brantley's Fourth Amendment claims are unavailing since they were fully and fairly heard at the state level.[2] *See Stone v. Powell*, 428 U.S. 465, 494 (1976). The insufficiency of the evidence claims were rightly dismissed under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), because there was enough evidence for a reasonable juror to find Mr. Brantley guilty. Mr. Brantley's evidentiary claims are dismissed because errors of state law only provide room for federal habeas relief when they shock the judicial conscience, and these claims did not approach that level. *See Aycox v. Lytle*, 196 F.3d 1174, 1180 (10th Cir. 1999). The district court found no error in the challenged jury instructions, and further found that even assuming the instructions were wrong, the error would have been harmless. We agree with that analysis. We dismiss Mr. Brantley's ineffective assistance claims because there is neither deficiency nor prejudice in the record under the familiar framework of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Having found no errors so

---

[2]Mr. Brantley makes much of a minor factual discrepancy over the ownership of the apartment in December of 2003. We review district court factual findings only for clear error and find none here. In any event, whatever the truth of the matter, resolution of this issue would not affect our legal conclusions in this case.

far, we deny Mr. Brantley's cumulative error claim. Finally, Mr. Brantley's new evidence is insufficient to warrant habeas relief. Because there have been no constitutional violations in the state court proceedings, habeas relief is unavailable from newly discovered evidence. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Clayton v. Gibson*, 199 F.3d 1162, 1180 (10th Cir. 1999). In any event, his accomplice's testimony in a co-defendant's trial does not disturb our confidence in the verdict, in light of the extensive evidence of Mr. Brantley's involvement in the methamphetamine operation.

## Conclusion

Accordingly, we **DENY** Mr. Brantley's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge