FILED
United States Court of Appeals
Tenth Circuit

May 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY BRANTLEY,

      Petitioner - Appellant,

v.

ROBERT PATTON, Director,[*]

      Respondent - Appellee.

No. 14-6031
(D.C. No. 5:13-CV-01352-F)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[**]

Before **LUCERO**, **O'BRIEN**, and **HARTZ**, Circuit Judges.

Tony E. Brantley, a state prisoner proceeding pro se, seeks a certificate of
appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C.
§ 2254 habeas petition for lack of jurisdiction. We deny a COA and dismiss the
matter.

In 2005, Mr. Brantley was convicted in Oklahoma state court of manufacturing
a dangerous substance (methamphetamine), and two counts of possession of a

---

[*]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Robert Patton, the
current Director of the Oklahoma Department of Corrections, is automatically
substituted as Respondent in this case.

[**]      This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

controlled dangerous substance (methamphetamine and marijuana). He was sentenced to an aggregate eighty-six year term of imprisonment. The Oklahoma Court of Criminal Appeals affirmed his convictions and sentence. Mr. Brantley sought post-conviction relief in state court, but it was denied.

In 2008, Mr. Brantley filed his first § 2254 habeas petition, asserting ten grounds for relief. The district court denied the petition, and we denied a COA. *Brantley v. Sirmons*, 342 F. App'x 384, 385 (10th Cir. 2009). In December 2013, Mr. Brantley filed a second § 2254 habeas petition. The district court determined that this petition was an unauthorized second or successive petition and dismissed it for lack of jurisdiction. Mr. Brantley now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Brantley must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Brantley's first § 2254 habeas petition brought claims attacking the same conviction that he now seeks to challenge in his second § 2254 habeas petition. We have explained that after a decision on the merits of a first habeas petition, "any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). The district court therefore properly characterized Mr. Brantley's new petition as a second or successive § 2254 habeas petition.

In his COA brief, Mr. Brantley does not argue that the district court erred in making the determination that his new petition was an unauthorized second or successive § 2254 habeas petition. Rather, he argues the merits of his underlying habeas claims and asserts that his case was erroneously dismissed and should have been transferred to this court for authorization instead. But the district court properly considered whether it would be in the interest of justice to transfer Mr. Brantley's successive petition to this court and concluded that it would not be, noting that this court had already rejected the ineffective assistance, insufficiency of the evidence, and "newly discovered evidence" arguments in Mr. Brantley's first habeas action.

Reasonable jurists could not debate that the district court was correct to treat Mr. Brantley's new petition as an unauthorized second or successive § 2254 habeas

petition and to dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.[1]

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[1] At the end of his brief, Mr. Brantley also makes a one-sentence request for permission to file a second or successive § 2254 petition. The proper procedure for requesting such relief is to file a motion for authorization that makes a prima facie showing that he has a new claim that was not presented in a prior habeas petition and meets the stringent requirements for authorization in 28 U.S.C. § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(1)-(3).