FILED
United States Court of Appeals
Tenth Circuit

May 17, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARTHUR JAMES LOMAX,

Petitioner-Appellant,

v.

JOHN DAVIS, Warden; JOHN
SUTHERS, THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents-Appellees.

No. 12-1094
(D.C. No. 1:11-CV-03034-LTB)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Arthur Lomax, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. §

2254 petition for federal habeas relief. Because Lomax has failed to satisfy the standards

for the issuance of a COA, we deny his request and dismiss the matter. We also deny his

request to proceed in forma pauperis on appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

I

In 2006, Lomax was convicted in the District Court for the City and County of Denver of sexual assault, unlawful sexual contact, and misdemeanor sexual assault. Lomax was sentenced to a term of imprisonment of six years to life for the sexual assault conviction and concurrent one-year terms of imprisonment for the other two convictions.

Lomax filed a direct appeal. On November 16, 2009, the Colorado Court of Appeals affirmed Lomax's convictions for sexual assault and misdemeanor sexual assault, but vacated his conviction for unlawful sexual contact. People v. Lomax, No. 07CA0186 (Colo. App. Nov. 16, 2009). Lomax filed a petition for writ of certiorari with the Colorado Supreme Court, but that petition was denied on March 8, 2010. Lomax v. People, No. 09SC1086 (Colo. Mar. 8, 2010).

On July 6, 2010, Lomax filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b). That motion was denied by the trial court on July 21, 2010. Lomax did not appeal from that ruling.

On August 23, 2010, Lomax filed a motion for postconviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). The trial court denied the motion on October 19, 2010. Lomax filed a notice of appeal on January 12, 2011. On November 14, 2011, the Colorado Court of Appeals dismissed the appeal as untimely.

On November 21, 2011, Lomax initiated the instant proceedings by filing a pro se petition for writ of habeas corpus pursuant to § 2254. Respondents, at the directive of the magistrate judge assigned to the case, filed a pre-answer response addressing whether

2

Lomax had exhausted his state court remedies and whether Lomax's petition was timely filed. Lomax filed a reply to respondents' pre-answer response.

On March 20, 2012, the district court issued an order dismissing Lomax's petition as untimely. In doing so, the district court first determined that Lomax's convictions "became final on June 7, 2010, ninety days after March 8, 2010, the date the Colorado Supreme Court denied certiorari review," Order of Dismissal, at 4 (citing 28 U.S.C. § 2244(d)(1)(A)), and that "the one-year statute of limitations began to run on June 8, 2010, the next business day after the conclusion of his direct appeal," id. (citing Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2003)). The district court then addressed "whether any of . . . Lomax's state court post-conviction motions tolled the one-year limitation period," id., and concluded as follows:

> There were no pending motions in Mr. Lomax's state court action between June 8, 2010, and July 5, 2010. (citation omitted) These 28 days are counted against the one-year statute of limitations. Mr. Lomax filed a Rule 35(b) motion on July 6, 2010, which the trial court denied on July 21, 2010. (citation omitted) Mr. Lomax then had 45 days, or until September 7, 2010, to appeal the trial court's denial of the motion for sentence reconsideration to the [Colorado Court of Appeals]. See Colo. App. R. 4(b). Mr. Lomax did not file an appeal.
>
> Accordingly, the one-year limitation period would begin running again on September 8, 2010. However, Mr. Lomax filed a Rule 35(c) motion on August 21, 2010. (citation omitted) Therefore, the limitations period was tolled until October 19, 2010, when the trial court denied the Rule 35(c) motion. (citation omitted) Mr. Lomax then had 45 days, or until December 3, 2010, to appeal the trial court's denial of the motion for sentence reconsideration to the [Colorado Court of Appeals]. See Colo. App. R. 4(b).
>
> Mr. Lomax did not file an appeal until January 12, 2011. The

limitations period was not tolled by Mr. Lomax's untimely appeal because it was not "properly filed" under § 2244(d)(1)(D). See Hoggro v. Boone, 150 F.3d 1223, 1227 n.5 (10th Cir. 1998) (holding that untimely appeals are not considered properly filed); see also Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (holding that a "properly filed" application, for purposes of § 2244(d), is one that has been "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.").

Therefore, the statue [sic] of limitations began running on December 4, 2010, and ran for 337 days until it expired on November 6, 2011 (28 days + 337 days = 365 days). The Court finds that the limitation period expired approximately fifteen days prior to the filing of the application on November 21, 2011. Accordingly, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Id. at 5-6. Further, the district court concluded that "[n]othing in the record indicate[d] that . . . Lomax faced extraordinary circumstances that prevented him from diligently pursuing his claims," and thus Lomax failed to carry his burden of demonstrating that equitable tolling was appropriate in this action. Id. at 7. Lastly, the district court "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from [its] order would not be taken in good faith and therefore in forma pauperis status w[ould] be denied for the purpose of appeal." Id.

Lomax has now filed in this court a combined opening brief and an application for COA.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28

4

U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations to file petitions for federal habeas relief under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period typically begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). In this case, it is undisputed that Lomax's convictions became final on Monday, June 7, 2010. More specifically, the Colorado Supreme Court denied Lomax's petition for certiorari review on March 8, 2010. Although Lomax had ninety days thereafter in which to file a certiorari petition with the United States Supreme Court, he did not do so. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Consequently, AEDPA's one-year limitations period began running on June 8, 2010.

AEDPA's one-year limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Supreme Court

5

has defined "collateral review" as "judicial review of a judgment in a proceeding that is not part of direct review," including motions to reduce sentence under state law. Wall v. Kholi, 131 S. Ct. 1278, 1281-82 (2011). In this case, Lomax filed two state court motions that served to toll AEDPA's one-year limitations period. The first was Lomax's motion for sentence reconsideration under Colorado Rule of Criminal Procedure 35(b), and the second was Lomax's motion for postconviction relief pursuant to Colorado Rule of Criminal Procedure 35(c). It is undisputed that these two motions together effectively tolled the one-year limitations period from July 6, 2010 (when Lomax filed his Rule 35(b) motion) until December 3, 2010 (the expiration of the 45-day period afforded Lomax under Colorado state law to appeal from the trial court's denial of his Rule 35(c) motion).

Although Lomax ultimately filed an appeal from the trial court's denial of his Rule 35(c) motion, he did not do so until January 12, 2011, approximately 40 days after the time period for filing an appeal had expired. As the district court correctly noted, the pendency of an untimely appeal does not serve to toll AEDPA's one-year limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005). Consequently, the one-year limitations period began running again in this case on December 4, 2010, was not tolled during the time that Lomax's untimely appeal was pending before the Colorado Court of Appeals, and expired on November 6, 2011, approximately fifteen days prior to the filing of Lomax's federal habeas petition.

Notably, Lomax does not argue on appeal that he qualifies for equitable tolling, nor do we see any basis in the record for tolling the one-year limitations period on

6

equitable grounds. The Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted). Lomax argued below, in his reply to respondent's pre-answer response, that he "ha[d] pursued his claims diligently" and that "some extraordinary circumstances prevented him from filing a timely 28 U.S.C. § 2254 action." R., Vol. 1, at 209. In support, Lomax alleged (1) that his "health took a turn for the worst [sic] in "2009 and 2010," during which he "had staff [sic] infection, bleeding on the inside bleeding out from [his] rectum, and . . . high blood pressure," and (2) "there were countless facility lock-downs" during "2008-2011" that "hindered [him] from getting to the law library." Id. As we have noted, the district court rejected these conclusory allegations as a basis for equitable tolling, and we conclude that reasonable jurists "would [not] find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The application for COA is DENIED and this matter is DISMISSED. Lomax's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

7