**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARTHUR J. LOMAX,

     Petitioner - Appellant,

v.

RICK RAEMISCH; WARDEN OWENS;
CYNTHIA H. COFFMAN, Attorney
General of the State of Colorado,

     Respondents - Appellees.

No. 17-1016
(D.C. No. 1:16-CV-02833-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **LUCERO**, and **PHILLIPS**, Circuit Judges.
_____

     Arthur J. Lomax, a Colorado prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas application for lack of jurisdiction.  We deny a COA and dismiss this matter.

     After being convicted of sexual assault and sentenced to six years to life,

Mr. Lomax unsuccessfully pursued relief under § 2254.  *See Lomax v. Davis*,

484 F. App'x 206, 209 (10th Cir. 2012) (denying a COA).  In 2016, he filed another

§ 2254 application, making claims that his bond was too high, he was denied a

preliminary hearing, his counsel was ineffective, he was denied his rights to access and to

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

confront the evidence presented against him, and his appeal was unduly delayed. Noting Mr. Lomax's earlier § 2254 proceeding, the district court concluded that the 2016 application was an unauthorized second or successive § 2254 application. It therefore dismissed the application for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Lomax now seeks to appeal.

To appeal, Mr. Lomax must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Before this court, Mr. Lomax fails to address the grounds for the district court's dismissal—that the application was an unauthorized second or successive § 2254 application that the district court lacked jurisdiction to consider. Instead, he focuses on the merits of his claims. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision. Mr. Lomax's first § 2254 application was denied as untimely, *see Lomax*, 484 F. App'x at 207, 209, which counts as a merits decision, *see In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). Therefore, he must obtain this court's authorization before filing another § 2254 application. *See* 28 U.S.C. § 2244(b)(3); *Rains*, 659 F.3d at 1275. And because he did not obtain such authorization, the district court lacked jurisdiction to consider the application. *See Cline*, 531 F.3d at 1251.

2

The motion for leave to proceed on appeal without prepayment of costs or fees is granted. But only prepayment of fees is waived, not the fees themselves. 28 U.S.C. § 1915(a)(1), (b). A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk