FILED
United States Court of Appeals
Tenth Circuit

September 21, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

MICHAEL WAYNE RAINS,

Movant.

No. 11-6210
(D.C. No. 5:08-CV-00839-F)
(W.D. Okla.)

**ORDER**

Before **MURPHY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

**PER CURIAM**.

Michael Wayne Rains, proceeding pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition. Because he seeks to assert claims that he has already asserted, we deny authorization.

In 2001, Mr. Rains pleaded guilty in Oklahoma state court to making a telephone bomb threat, robbery with a dangerous weapon, and robbery. He was sentenced to ten, twenty, and twenty years of imprisonment, respectively, with the sentences to run concurrently. He filed his first § 2254 petition in federal district court on September 21, 2007, asserting that (1) his sentence was excessive because he was eighteen years old at the time of the offenses, he was a first-time

offender, and the victims were uninjured; (2) his robbery sentences were illegal; (3) his guilty plea was not entered knowingly and voluntarily because he was not told he would need to serve at least 85% of the sentence for robbery with a dangerous weapon; and (4) his counsel was ineffective for coercing him to plead guilty, failing to inform him that he would serve 85% of the robbery-with-a-dangerous-weapon sentence, and inadequately negotiating the plea. The court dismissed the petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)(A), (D). Mr. Rains did not appeal.

On August 14, 2008, he filed another § 2254 petition, re-asserting the first, third, and fourth claims. The district court decided this filing was an unauthorized second or successive § 2254 petition. Declining to transfer it to this court, the district court instead dismissed for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam) (holding that district court may transfer unauthorized second or successive § 2254 application to Tenth Circuit if it is in interest of justice under 28 U.S.C. § 1631 to do so or may dismiss for lack of jurisdiction). Mr. Rains did not appeal.

He now seeks authorization to assert all four claims in a second or successive § 2254 petition. Under AEDPA, a claim presented in a previous § 2254 petition must be dismissed. 28 U.S.C. § 2244(b)(1).

Mr. Rains contends that AEDPA does not apply and that under *House v. Bell*, 547 U.S. 518 (2006), he is effectively raising issues for the first time because the district court has never considered them and he has exhausted state remedies. Mr. Rains's arguments are without merit.

The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements. *See Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Murray v. Greiner*, 394 F.3d 78, 79 (2d Cir. 2005) (holding "that dismissal of a § 2254 petition for tardiness under § 2244(d)(1) renders future challenges to the same conviction under § 2254 'second or successive' and subject to the requirements of § 2244(b)(1) through

(4)"); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application under § 2244(b)").

Furthermore, *House* is inapplicable. It addresses the appropriate standard to review "a *first* federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence." 547 U.S. at 539 (emphasis added). *House* does not address second or successive petitions asserting claims that were previously asserted. Thus, it does not alter the mandatory dismissal requirement of § 2244(b)(1).

We therefore DENY authorization. The denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-4-