FILED
United States Court of Appeals
Tenth Circuit

September 5, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FAYVUN MANNING,

       Petitioner-Appellant,

v.

STATE OF KANSAS,

       Respondent-Appellee.

No. 13-3168
(D.C. No. 5:13-CV-03071-SAC)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **HARTZ** and **MATHESON**, Circuit Judges.

Fayvun Manning, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C. § 2254 habeas petition for lack of jurisdiction. We deny a COA and dismiss the matter.

Mr. Manning was convicted of aggravated robbery and first-degree felony murder. The Kansas Supreme Court affirmed his conviction on direct appeal in 2001. Mr. Manning sought post-conviction relief in state court, but it was denied.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In March 2006, Mr. Manning filed his first § 2254 habeas petition challenging his convictions. The district court dismissed the petition with prejudice as time-barred because it was filed outside of the one-year statute of limitations. Mr. Manning did not seek to appeal that decision.

In March 2013, Mr. Manning filed a second § 2254 habeas petition. The district court determined that this petition was an unauthorized second or successive petition and dismissed it for lack of jurisdiction. Mr. Manning now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Manning must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Manning's new § 2254 habeas petition asserts that (1) the charging document was jurisdictionally defective in that it lacked essential elements of the offense; (2) the jury instructions differed from the charge in the complaint; (3) trial

counsel was ineffective; and (4) the State erred in summarily dismissing his post-conviction motion and not excusing his failure to previously raise his claims.

Mr. Manning's first § 2254 habeas petition brought claims attacking the same conviction that he now seeks to challenge in his second § 2254 habeas petition. Even though his first § 2254 habeas petition was dismissed as time-barred, that determination still counts as "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). The district court therefore properly characterized Mr. Manning's new petition as a second or successive § 2254 habeas petition.

Reasonable jurists could not debate that the district court was correct to treat Mr. Manning's new petition as an unauthorized second or successive § 2254 habeas petition and to dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Mr. Manning's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk