**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOBBY M. ELLIS,

Petitioner-Appellant,

v.

JANET DOWLING, Warden,

Respondent-Appellee.

No. 13-6187
(D.C. No. 5:13-CV-00471-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Bobby M. Ellis, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C. § 2254 habeas petition for lack of jurisdiction. We deny a COA and dismiss the matter.

Mr. Ellis was convicted of two counts each of rape in the first degree, lewd molestation, and preparing child pornography. He was sentenced to a 75-year term of imprisonment for each of the rape convictions, a 20-year term of imprisonment for each of the lewd molestation convictions, and a 10-year term of imprisonment for

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

each child pornography conviction. In October 2007, the Oklahoma Court of Criminal Appeals affirmed the convictions and sentences, except it reversed the conviction on one count of preparing child pornography. Mr. Ellis sought post-conviction relief in state court, but it was denied.

In April 2010, Mr. Ellis filed his first § 2254 habeas petition challenging his convictions. The district court dismissed the petition with prejudice as time-barred because it was filed outside of the one-year statute of limitations, and we denied Mr. Ellis's request for a COA. *See Ellis v. Parker*, 426 F. App'x 683, 683-84 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 1011 (2012).

In May 2013, Mr. Ellis filed a second § 2254 habeas petition. The district court determined that this petition was an unauthorized second or successive petition and dismissed it for lack of jurisdiction. Mr. Ellis now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Ellis must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or

successive § 2254 habeas petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Ellis's new § 2254 habeas petition seeks to bring claims of ineffective assistance of trial and appellate counsel. Mr. Ellis's first § 2254 habeas petition brought claims attacking the same conviction that he now seeks to challenge in his second § 2254 habeas petition. Even though his first § 2254 habeas petition was dismissed as time-barred, that determination still counts as "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). The district court therefore properly characterized Mr. Ellis's new petition as a second or successive § 2254 habeas petition.

Reasonable jurists could not debate that the district court was correct to treat Mr. Ellis's new petition as an unauthorized second or successive § 2254 habeas petition and to dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

We deny Mr. Ellis's motion for appointment of counsel as moot. We grant Mr. Ellis's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk

- 3 -