FILED
United States Court of Appeals
Tenth Circuit

October 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES WILFRED HALL,

        Petitioner−Appellant,

v.

JAMES FALK, Warden; JOHN W.
SUTHERS, Attorney General of the State
of Colorado,

        Respondents−Appellees.

No. 13-1291
(D.C. No. 1:13-CV-01212-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

      James Wilfred Hall seeks a certificate of appealability (COA) to appeal the

district court's dismissal of his 28 U.S.C. § 2254 application as an unauthorized

second or successive application. *See* 28 U.S.C. § 2244(b)(2), (3). We deny a COA

and dismiss this matter.

      Mr. Hall was convicted of first-degree murder and sentenced to imprisonment

for life without parole. After challenging his conviction in the state courts, he filed a

§ 2254 application for federal habeas relief in 2012, arguing that his conviction was

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

void for lack of subject matter jurisdiction because he had not been indicted by a grand jury, but instead had been charged through an information. The district court dismissed the application as barred by the one-year limitation period for § 2254 applications. *See* 28 U.S.C. § 2244(d).

In 2013, Mr. Hall filed a "Motion to Quash," which the district court determined was an attempt to challenge his Colorado murder conviction. The court ordered Mr. Hall to file his claims on the court-approved form for § 2254 applications and to comply with other procedural requirements. Mr. Hall did so, again asserting that the state trial court lacked subject matter jurisdiction to convict him because he had not been indicted by a grand jury. The district court evaluated his application and determined that it was an unauthorized second-or-successive § 2254 application. Concluding that it was not in the interest of justice to transfer the application to this court for authorization, the court dismissed the application for lack of jurisdiction.

To appeal the dismissal, Mr. Hall must secure a COA. To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He cannot meet these requirements, however, because the district court undoubtedly was correct in its procedural ruling.

Mr. Hall pursued relief under § 2254 in 2012. The dismissal of that application as time-barred is considered an adjudication on the merits, making the 2013 application a second or successive application for habeas relief. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) ("The dismissal of [petitioner's] first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [§ 2244(b)] requirements.").

Mr. Hall complains that the district court did not reach the merits of his claim that the state court could proceed against him only by way of indictment. But Congress has placed strict limitations on second or successive § 2254 applications, requiring that they be authorized by this court before proceeding in the district court, *see* 28 U.S.C. § 2244(b)(3), and that they be authorized only under limited circumstances, *see id.* § 2244(b)(2). Because the 2013 application was a second or successive § 2254 application that had not been authorized by this court, the district court did not have jurisdiction to reach the merits. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The court had only two choices: dismiss the application for lack of jurisdiction, or transfer it to this court for authorization. *See id.* at 1251-52. It gave sound reasons for declining to transfer. *See id.*

In addition, it appears that the 2013 application raised the same claim that was presented in the 2012 application. Under § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was

- 3 -

presented in a prior application shall be dismissed." Accordingly, even if this claim were allowed to proceed, it would be subject to summary dismissal under § 2244(b)(1).

Mr. Hall's motion to proceed without prepayment of costs and fees is granted. The motion for change of venue is denied. The application for COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk