FILED
United States Court of Appeals
Tenth Circuit

August 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TIMOTHY H. JOHNSON,

     Petitioner - Appellant,

v.

R.C. SMITH, Warden,

     Respondent - Appellee.

No. 16-2119
(D.C. No. 2:16-CV-00130-WJ-WPL)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Timothy H. Johnson, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his second 28 U.S.C. § 2254 habeas petition for lack of jurisdiction. He has also filed a motion to proceed on appeal without prepayment of costs or fees. We deny a COA and dismiss the matter.

In December 2002, Mr. Johnson was convicted in New Mexico state court of first degree murder and tampering with evidence. He was sentenced to thirty years for the murder count and eighteen months for the other count, with the sentences to

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be served consecutively.  The New Mexico Supreme Court affirmed his conviction.  He sought state post-conviction relief, which was denied.

In July 2006, he filed a § 2254 habeas petition in federal court.  The district court denied habeas relief and Mr. Johnson did not appeal from that decision.  In February 2016, Mr. Johnson filed a second § 2254 habeas petition.  The district court determined that it was an unauthorized second or successive petition and dismissed it for lack of jurisdiction.  Mr. Johnson now seeks a COA to appeal that dismissal.

We first address the timeliness of Mr. Johnson's notice of appeal.  His notice of appeal was due on May 23, 2016, but it was not filed in this court until May 31, 2016.  In response to our motion to show cause why his appeal should not be dismissed for lack of jurisdiction because it was not timely filed, Mr. Johnson submitted a declaration pursuant to 28 U.S.C. § 1746.  In that declaration, he states, under penalty of perjury, that he deposited his notice of appeal into the institutional mailbox with first class postage pre-paid on May 23, 2016.  Mr. Johnson has therefore established the timely filing of his notice of appeal by virtue of the prison mailbox rule.  *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (explaining that a prisoner can establish timely filing under the mailbox rule by "timely use of the prison's regular mail system in combination with . . . a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid").

To obtain a COA, Mr. Johnson must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Johnson's first § 2254 petition was denied on the merits. Once a § 2254 petition is denied on the merits, "any later habeas petition challenging the same conviction is second or successive and is subject to the [authorization] requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Mr. Johnson's second § 2254 petition challenged the same convictions as his first § 2254 petition, and he did not receive authorization from this court to file that petition. The district court therefore properly determined that it lacked jurisdiction to reach the merits of Mr. Johnson's second § 2254 petition because he had not received authorization to file it.

In his COA application, Mr. Johnson does not address the district court's dismissal for lack of jurisdiction. Instead, he argues the merits of the claims he seeks to raise in his second § 2254 petition. Under these circumstances, reasonable jurists

could not debate that the district court was correct to treat Mr. Johnson's new § 2254 petition as an unauthorized second or successive § 2254 petition and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Mr. Johnson's request to proceed on appeal without prepayment of costs or fees is denied as moot. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Though we have disposed of this matter on the merits, Mr. Johnson remains obligated to pay all filing and docketing fees. He is directed to pay the fees in full ($505) to the Clerk of the District Court for the District of New Mexico.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk