**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRETT WHEELER,

      Petitioner - Appellant,

v.

SAM CLINE, Warden,

      Respondent - Appellee.

No. 16-3258
(D.C. Nos. 5:16-CV-03163-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **GORSUCH** and **HOLMES**, Circuit Judges.
_____

Brett Wheeler, a Kansas prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254

habeas application.  We deny a COA and dismiss this matter.

In 1987, Mr. Wheeler was convicted of two counts of rape and two counts of

aggravated criminal sodomy.  He pursued a direct appeal and both state and federal

post-conviction remedies.  As relevant to this matter, in 2000 and 2008 he filed § 2254

applications in district court.  The district court dismissed the first application as

untimely, *see Wheeler v. Kan. Dep't of Corr.*, No. 00-3423-DES, slip op. at 4 (D. Kan.

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nov. 29, 2001) (unpublished), and transferred the second to this court as an unauthorized second or successive § 2254 application, *see Wheeler v. Kansas*, No. 08-3098-SAC, slip op. at 2 (D. Kan. Apr. 17, 2008) (unpublished). We denied authorization for Mr. Wheeler to file that second habeas application. *See In re Wheeler*, No. 08-3107, slip op. at 3 (10th Cir. May 23, 2008) (unpublished).

In 2016, Mr. Wheeler filed another § 2254 application. Noting that he already had pursued relief under § 2254, the district court dismissed the application as an unauthorized second or successive § 2254 application that the district court lacked jurisdiction to decide. *See In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam). To appeal, Mr. Wheeler must obtain a COA. *See* 28 U.S.C. § 2253(c). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Before this court, Mr. Wheeler ignores the procedural basis of the district court's ruling, instead focusing on the merits of his habeas argument that one of his aggravated criminal sodomy convictions is invalid as being the product of a general verdict. But we need not consider the merits prong of the *Slack* test, because Mr. Wheeler cannot satisfy the procedure prong. No reasonable jurist could debate the district court's determination that it lacked jurisdiction to consider the 2016 application.

Generally, once a prisoner's first § 2254 application has been adjudicated on the merits, he cannot file another § 2254 application challenging the same conviction unless he obtains this court's authorization, as set forth in 28 U.S.C. § 2244(b). "A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization." *Cline*, 531 F.3d at 1251. The dismissal of Mr. Wheeler's 2000 application as untimely counts as an adjudication on the merits. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). Therefore, like his 2008 application, Mr. Wheeler's 2016 application was subject to the restrictions on second or successive applications and required authorization. *See id.* Because Mr. Wheeler did not obtain this court's authorization before filing his 2016 habeas application, the district court lacked jurisdiction to consider it.

A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

3