FILED
United States Court of Appeals
Tenth Circuit

March 7, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RUSSELL HARRISON,

     Petitioner - Appellant,

v.

THE ATTORNEY GENERAL OF THE
STATE OF WYOMING,

     Respondent - Appellee.

No. 18-8005
(D.C. No. 1:17-CV-00207-SWS)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

     Russell Harrison, a Wyoming prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal from the district court's dismissal of a successive

28 U.S.C. § 2254 habeas application. We deny a COA and dismiss this matter.

     In 1981, Mr. Harrison accepted a plea bargain, pleaded guilty to one count of first

degree murder, and was sentenced to life in prison. In 2002, he filed two habeas

applications challenging that conviction. He filed a third application in 2007. All of the

claims in these applications were based on his understanding that by pleading guilty to

first degree murder he would be paroled in seven to eight years (resulting in serving a

---

     [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

shorter sentence than would have been required if he were convicted of second degree murder). The district court denied the first 2002 application as untimely and construed the second 2002 application as a motion for reconsideration. This court held, however, that the second 2002 application was subject to the restrictions on second § 2254 applications and vacated the order disposing of it. *Harrison v. Wyo. Dep't of Corr. State Penitentiary Complex Adm'r*, No. 02-8041, slip op. at 2 (10th Cir. Jan. 28, 2003) (unpublished order). The district court denied the 2007 application as untimely, and Mr. Harrison did not appeal.

In 2017, Mr. Harrison filed another § 2254 application, asserting a violation of his plea agreement to be released in seven to eight years and a lack of a factual basis for his plea. The district court dismissed the 2017 application as untimely and an unauthorized second or successive § 2254 application that the court lacked jurisdiction to decide, *see In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008) (per curiam). Mr. Harrison now seeks to appeal from that decision. To do so, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Before this court, Mr. Harrison fails to address the grounds for the district court's dismissal—that the application was untimely and it was subject to the statutory restrictions on second or successive § 2254 applications. Instead, he focuses on the

2

merits of his claims, arguing that he has not received the benefit of his plea bargain. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision to dismiss an unauthorized successive § 2254 application.

As discussed, Mr. Harrison has filed several § 2254 applications. The dismissal of his first § 2254 application as time-barred counts as a disposition on the merits. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam). And this court has made it clear that after filing his first 2002 application, he became subject to the restrictions of 28 U.S.C. § 2244(b) and must obtain this court's authorization before he can file another § 2254 application. *Harrison*, No. 02-8041, slip op. at 2. Because Mr. Harrison did not obtain such authorization before filing the 2017 application, the district court had no jurisdiction to consider it. *See Cline*, 531 F.3d at 1251. Its choices were to dismiss the filing or transfer it to this court for authorization, *see id.* at 1252, and no reasonable jurist could debate the decision to dismiss.

Mr. Harrison's motion to proceed without prepayment of costs and fees is granted. But under 28 U.S.C. § 1915(a) and (b)(1), only *prepayment* is excused and Mr. Harrison remains obligated to pay the full amount of costs and fees. Accordingly, he shall continue making partial payments until that obligation is satisfied. A COA is denied and the matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

3