**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEVAN CHAVEZ,

     Petitioner - Appellant,

v.

STATE OF NEW MEXICO;
V. HORTON; SECOND JUDICIAL
DISTRICT,

     Respondents - Appellees.

No. 17-2207
(D.C. No. 1:17-CV-00756-RB-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

    Stevan Chavez is a state prisoner proceeding pro se. In 1999, he pleaded

guilty in New Mexico state court to three counts of first degree murder and was

sentenced to three life sentences. In 2017, he filed a motion seeking relief from his

---

    [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state sentences pursuant to 28 U.S.C. § 2254[1] and 18 U.S.C. § 3582(c)(2). The district court dismissed both requests for lack of jurisdiction. Mr. Chavez now appeals from the district court's dismissal of his request for sentencing relief pursuant to 18 U.S.C. § 3582(c)(2). He also seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We affirm the district court's dismissal of the request for relief pursuant to § 3582(c)(2), and we deny a COA to appeal from the dismissal of the § 2254 habeas petition.

In 2003, Mr. Chavez filed his first habeas petition, which the district court dismissed as time-barred. As the district court explained, the dismissal of Mr. Chavez's "'first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive.'" R. at 18 (quoting *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam)). In the underlying petition, Mr. Chavez again sought to challenge his same convictions and sentences. Because he had not received authorization from this court to file a successive § 2254 habeas petition, the district court dismissed the petition for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

---

[1] Although Mr. Chavez indicated in his filing that he was seeking relief under 28 U.S.C. § 2255, the district court explained that § 2255 applies only to prisoners in federal custody seeking to challenge a federal conviction or sentence. Because Mr. Chavez is in state custody and he seeks relief from his state convictions and sentences, the district court construed the filing as a § 2254 habeas petition. Mr. Chavez does not challenge the district court's decision to construe his filing as a § 2254 habeas petition.

Mr. Chavez now seeks a COA to appeal from the dismissal of his § 2254 habeas petition. To obtain a COA, he must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made this showing.

A prisoner may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *See Cline*, 531 F.3d at 1251.

In his request for a COA, Mr. Chavez does not explain how the district court erred in either determining that his § 2254 habeas petition was second or successive or in dismissing his petition for lack of jurisdiction because he had not received the requisite circuit-court authorization. Instead, he argues the merits of his underlying successive habeas claims. Reasonable jurists could not debate the district court's procedural ruling to dismiss Mr. Chavez's unauthorized second or successive § 2254 habeas petition for lack of jurisdiction. Accordingly, we deny his request for a COA.

As for Mr. Chavez's request for sentencing relief pursuant to § 3582(c)(2), the district court explained: "'Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed. . . . But a district court may modify a sentence when it is statutorily authorized to do so." R. at 21 (quoting *United States*

3

*v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (alteration in original)).  Section 3582(c)(2) authorizes a district court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Because § 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law like Mr. Chavez, the district court dismissed this request for lack of jurisdiction.  In his combined opening brief and request for a COA, Mr. Chavez does not explain how the district court erred in dismissing for lack of jurisdiction his request for sentencing relief pursuant to § 3582(c)(2).  Accordingly, he has waived any challenge to that dismissal and we affirm the district court's decision. *See Tran v. Trustees of State Colleges in Colorado*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

For the foregoing reasons, we deny Mr. Chavez's request for a COA to appeal from the dismissal of his § 2254 habeas petition and we affirm the district court's dismissal of his request for relief pursuant to § 3582(c)(2).  We also deny as moot Mr. Chavez's request to proceed without prepayment of costs or fees.  The relevant statute does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees.  *See* 28 U.S.C. § 1915(a)(1), (b)(1).  Mr. Chavez remains obligated to pay all filing and docketing fees.

Entered for the Court
Per Curiam