FILED
United States Court of Appeals
Tenth Circuit

February 15, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LISA ADAMS,

    Petitioner - Appellant,

v.

ABOUTANAA EL HABTI, Warden,

    Respondent - Appellee.

No. 22-6160
(D.C. No. 5:21-CV-01142-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Lisa Adams, proceeding pro se, seeks a certificate of appealability (COA) to

appeal from the district court's order dismissing her second 28 U.S.C. § 2254 habeas

application for lack of jurisdiction as an unauthorized successive application.  We deny a

COA and dismiss this matter.

I. Background

In 1990, Ms. Adams pled guilty to Murder in the First Degree.  She was sentenced

to life in prison without parole.  In 2000, she filed a § 2254 habeas application

challenging her conviction and sentence.  The district court dismissed it as time-barred.

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2021, Ms. Adams filed a second § 2254 habeas application. She asserted one claim—that the state lacked jurisdiction to charge, try, and convict her because the federal government has exclusive jurisdiction to prosecute crimes committed by Indians in Indian Country, relying on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Because she did not receive authorization from this court to file a second or successive § 2254 habeas application, the district court dismissed it for lack of jurisdiction. Ms. Adams now seeks a COA to appeal from the district court's dismissal order.

II. Discussion

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Ms. Adams must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A prisoner, like Ms. Adams, may not file a second or successive § 2254 habeas application unless she first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Ms. Adams does not dispute that she previously filed a § 2254 application challenging the same conviction. The district court's dismissal of that application as

2

time-barred constitutes a merits decision, and "any later habeas petition challenging the same conviction is second or successive and is subject to the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Under AEDPA, Ms. Adams must receive authorization from this court before she may proceed with her second or successive § 2254 habeas application, *see* § 2244(b)(3)(A), but she does not contend that this court granted her the requisite authorization.

Instead, Ms. Adams appears to argue that because she is raising a jurisdictional claim, she does not need to comply with the requirements for filing a second or successive § 2254 application. But that is not correct. She does not cite a single case holding that jurisdictional challenges to convictions are exempt from the categorical Congressional mandate that claims raised in second or successive § 2254 habeas applications must be authorized by a circuit court before they may proceed in district court.

In the § 2255 context, we considered a similar argument from a federal prisoner seeking to bring successive § 2255 claims without authorization by "assert[ing] that a jurisdictional claim can be raised at any time." *Cline*, 531 F.3d at 1253. But we rejected that argument and concluded that the district court "properly treated these post-conviction claims [challenging the court's jurisdiction] as unauthorized second or successive § 2255 claims." *Id.*; *cf. Prost v. Anderson*, 636 F.3d 578, 592 (10th Cir. 2011) (noting that "lack of jurisdiction is not one of the two authorized grounds upon which a successive § 2254 motion may be filed").

Because Ms. Adams did not receive the requisite circuit-court authorization before filing her second § 2254 habeas application, she has failed to show that jurists of reason would debate the correctness of the district court's procedural ruling dismissing her application for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Ms. Adams's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk