FILED
United States Court of Appeals
Tenth Circuit

January 5, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CLAYTON ORVILLE KING,

    Petitioner - Appellant,

v.

WARDEN DAVID ROGERS,

    Respondent - Appellee.

No. 23-6142
(D.C. No. 5:23-CV-00262-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **McHUGH**, and **EID**, Circuit Judges.
_____

Clayton Orville King, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's order dismissing his 28 U.S.C. § 2254 habeas

petition for lack of jurisdiction as an unauthorized second or successive petition.  We

deny a COA and dismiss this matter.

I.  Background

Mr. King was convicted of first-degree murder in Oklahoma state court in 2003.

He filed his first § 2254 habeas petition in 2008, which the district court dismissed as

untimely.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2023, Mr. King filed a second § 2254 habeas petition. Because he did not receive authorization from this court to file a second or successive § 2254 habeas petition, a magistrate judge recommended that the petition be dismissed for lack of jurisdiction. Mr. King objected, but the district court adopted the report and recommendation and dismissed his habeas petition.

Mr. King now seeks a COA to appeal from the district court's dismissal order.

II. Discussion

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Mr. King must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A state prisoner, like Mr. King, may not file a second or successive § 2254 habeas petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

In his COA application, Mr. King asserts that "this federal habeas corpus packet is the first one I ever sent in." COA Appl. at 1. And liberally construing his pro se filing,

2

he argues that he filed an "'amended petition' for writ of mandamus" that was improperly treated as a habeas petition. *Id.*

Mr. King made a similar argument in his objection to the magistrate judge's report and recommendation, where he argued his earlier case was improperly construed as a habeas petition and insisted that "the instant action is certifiably the first one." R. at 63 (brackets and internal quotation marks omitted). But the district court rejected this argument, agreeing with the magistrate judge that Mr. King had already filed one § 2254 habeas petition. As the district court explained, in the earlier case Mr. King "used a § 2254 form when he filed his amended petition."[1] *Id.* And the court further noted that a review of the earlier case "[found] no objection from Petitioner regarding its construction." *Id.* Mr. King does not challenge the district court's findings or explain how the district court erred in reaching the conclusion that he had previously filed a habeas petition. In the remainder of his COA application, he reargues the merits of his underlying habeas petition.

The district court dismissed Mr. King's first habeas petition as time-barred, which "was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] requirements." *In re Rains*, 659 F.3d 1274, 1275

---

[1] In his 2008 action, Mr. King initially submitted a non-form pleading challenging the validity of his state conviction, asserting his innocence, and requesting release from custody. The district court construed the pleading as a § 2254 habeas petition but directed Mr. King to file an amended habeas petition using the court-approved form. Mr. King complied with the order without lodging any objections.

3

(10th Cir. 2011). Under AEDPA, Mr. King must receive authorization from this court before he may proceed with a second or successive § 2254 habeas petition. *See* § 2244(b)(3)(A).

Because Mr. King previously filed a § 2254 habeas petition and did not receive the requisite circuit-court authorization before filing his second § 2254 habeas petition, he has failed to show that jurists of reason would debate the correctness of the district court's procedural ruling dismissing his petition for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk