FILED
United States Court of Appeals
Tenth Circuit

January 30, 2024

Jane K. Castro
Chief Deputy Clerk

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

WALTER PAYTON,

    Plaintiff - Appellant,

v.

STATE OF KANSAS,

    Defendant - Appellee.

No. 23-3228
(D.C. No. 5:23-CV-03237-JWL)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **KELLY** and **MATHESON**, Circuit Judges.
_____

Walter Payton, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dismissing his fourth 28 U.S.C. § 2254 habeas application for lack of jurisdiction as an unauthorized successive application. We deny a COA and dismiss this matter.

In 1998, Mr. Payton was convicted of three counts of rape in Kansas state court. He was sentenced to 712 months in prison. In 2003, he filed his first § 2254 habeas application, which the district court dismissed as time-barred. After that he filed two

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

additional § 2254 applications, which the district court dismissed as unauthorized second or successive applications.

In 2023, Mr. Payton filed his fourth § 2254 habeas application. Because he did not receive authorization from this court to file a successive § 2254 habeas application, the district court dismissed it for lack of jurisdiction. Mr. Payton now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Mr. Payton must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A state prisoner, like Mr. Payton, may not file a second or successive § 2254 habeas application unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Mr. Payton does not dispute that he previously filed a § 2254 application challenging the same convictions. The district court's dismissal of that application as time-barred constitutes a merits decision, and "any later habeas petition challenging the same conviction[s] is second or successive and is subject to the [Antiterrorism and

2

Effective Death Penalty Act of 1996 (AEDPA)] requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Under AEDPA, Mr. Payton must receive authorization from this court before he may proceed with his successive § 2254 habeas application, *see* § 2244(b)(3)(A), but he does not contend that this court granted him the requisite authorization. In his COA application, he does not address the reasoning in the district court's dismissal order, but instead raises arguments challenging the validity of his state-court convictions.

Because Mr. Payton did not receive the requisite circuit-court authorization before filing his fourth § 2254 habeas application, he has failed to show that jurists of reason would debate the correctness of the district court's procedural ruling dismissing his application for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk