FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RICHARD DALY,

    Petitioner - Appellant,

v.

D.C. COLE,

    Respondent - Appellee.

No. 24-6269
(D.C. No. 5:24-CV-00445-D)
(W.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Richard Daly, an Oklahoma prisoner proceeding pro se, moves for a certificate

of appealability (COA) to appeal the district court's ruling that a motion to amend he

filed in his habeas case was an unauthorized second-or-successive habeas petition.

We deny a COA for the reasons explained below.

In 2013, an Oklahoma court convicted Daly of armed robbery and related

offenses and sentenced him to a 25-year prison term.  In 2014, he filed a 28 U.S.C.

§ 2254 petition in federal court but it was dismissed because he failed to pay the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filing fee. About a year later he filed another § 2254 petition, which was dismissed as untimely. Daly did not appeal.[1]

In May 2024, Daly filed a new § 2254 petition in district court. This petition re-raised claims he had originally attempted to bring ten years earlier, and it also raised a few arguably new claims. Before the district court could act on that petition, Daly filed a motion in this court seeking authorization to file that same petition. This court denied authorization (No. 24-6106).

Back in district court, a magistrate judge recommended dismissal of the § 2254 petition for lack of jurisdiction because this court had declined to authorize it. Daly objected but also filed a motion to amend his petition with four new claims. A fellow prisoner drafted the motion to amend and asserted that Daly has been fully mentally incapacitated since before his conviction (on account of PTSD from his military service in Iraq), meaning he had no ability to prosecute his previous petitions properly. The motion to amend therefore urged the district court to treat the amended claims as Daly's first habeas petition.[2]

---

[1] For purposes of the federal habeas statutes, this second dismissal counted as "a decision on the merits," meaning "any later habeas petition challenging the same conviction is second or successive." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011).

[2] Daly's amended claims were based on the fact that, at the time of his crimes, he was an enlisted member of the U.S. Army. He says a superior officer ordered him to carry out the actions that became the basis of his prosecution. He therefore hopes to assert claims of actual innocence and lack of state-court jurisdiction, plus ineffective assistance of counsel for failure to raise the foregoing.

The district court denied the motion to amend because the amendment would amount to another unauthorized second or successive petition, and the court therefore lacked jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). Daly requests a COA as to this denial.[3]

To merit a COA in these circumstances, Daly must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the "procedural ruling" is the district court's ruling that it lacked jurisdiction over the proposed amended claims.

Daly says that *Day v. McDonough*, 547 U.S. 198 (2006), shows the district court could treat his proposed amended claims as a first habeas petition. *Day* addressed whether a district court could raise timeliness *sua sponte* and dismiss a habeas petition on that basis. *See id.* at 201. The Supreme Court answered yes, *see id.* at 209, and further stated that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions [on the timeliness issue]," *id.* at 210. Daly excerpts the phrase, "an opportunity to present their positions," and generalizes it to mean (apparently) that habeas petitioners must

---

[3] The district court also adopted the magistrate judge's recommendation and dismissed the existing (*i.e.*, pre-motion to amend) claims for lack of jurisdiction. Daly does not seek a COA as to that ruling.

be given one full opportunity to present their best arguments, absent which they have not really filed a first habeas petition.

Daly's interpretation of *Day* is far beyond what that case decided. We have also been unable to find any authority for the idea that a prisoner's mental incapacity while litigating a previous § 2254 petition means that later petitions should not be treated as second or successive. We therefore reject this theory of jurisdiction.

Daly also cites *United States v. Ruiz*, 536 U.S. 622, 628 (2002), for the proposition that "a federal court always has jurisdiction to determine its own jurisdiction." From this he asserts that the district court "has the jurisdiction to determine that it has jurisdiction to hear Daly's Amended Habeas Petition [*i.e.*, the claims asserted in his motion to amend]." COA Mot. at 15. Daly misunderstands *Ruiz*. It merely means that the district court has jurisdiction to decide *if* it has jurisdiction (in this case, to decide if Daly's motion to amend is really an unauthorized second or successive habeas petition). *Ruiz* does not mean the district court may resolve that question any way it wants.

We conclude that jurists of reason would not debate the district court's denial of Daly's motion to amend based on lack of jurisdiction. We therefore deny a COA.[4]

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[4] We grant Daly's motion to proceed on appeal without prepayment of costs or fees.

4