FILED
United States Court of Appeals
Tenth Circuit

**June 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

BENNY R. SMITH,

    Petitioner - Appellant,

v.

TIMOTHY EASLEY,

    Respondent - Appellee.

No. 25-3034
(D.C. No. 5:25-CV-03027-JWL)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Benny R. Smith, a Kansas prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's Memorandum and Order dismissing his third 28 U.S.C. § 2254 habeas petition for lack of jurisdiction as an unauthorized successive petition.  We deny a COA and dismiss this matter.

A Kansas jury convicted Smith of first-degree murder and the state court sentenced him to life in prison.  The Kansas Supreme Court affirmed the conviction, and Smith was unsuccessful in his application for state post-conviction relief.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se filings.  *See Licon v. Ledezma*, 638 F.3d 1303, 1305-06 (10th Cir. 2011).

Smith then filed his first habeas petition, which the district court dismissed without prejudice for failing to comply with a court order to file his petition on the required form and to address the claims the court identified as unexhausted. Smith subsequently filed a second habeas petition, which the district court dismissed as untimely. Smith applied for a COA, but this court denied the request and dismissed the matter.

Smith then filed his third § 2254 habeas petition. The district court dismissed that petition as an unauthorized second or successive habeas petition. Smith now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Smith must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue. *Id.* at 485.

The district court's dismissal of Smith's second habeas petition as time-barred "was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [Antiterrorism and Effective Death Penalty Act of 1996] requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). A state prisoner, like Smith, may not file a second or successive § 2254 habeas petition unless he first obtains an order from this court authorizing the district

2

court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Smith asserts the district court's procedural ruling was "capricious and arbitrary and unreasonable." COA Appl. at 2. And he asserts the district court "applied the law incorrectly." *Id.* at 3. But he does not offer further explanation or argument to support these conclusory assertions. The bulk of his COA application complains about issues related to his attempts to file a petition for a writ of certiorari in 2009 and other grievances about prison conditions.

Smith does not dispute he filed a successive § 2254 habeas petition without authorization from this court or otherwise address the district court's reasoning. He has therefore failed to show jurists of reason would debate the correctness of the district court's procedural ruling dismissing his unauthorized successive § 2254 habeas petition for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Smith's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

3