**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 18, 2025**

———————————————————

**Christopher M. Wolpert**
**Clerk of Court**

RICKEY WHITE,

    Petitioner - Appellant,

v.

CASEY HAMILTON,

    Respondent - Appellee.

No. 25-7030
(D.C. No. 6:24-CV-00332-JFH-DES)
(E.D. Okla.)

———————————————————

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
———————————————————

Before **HOLMES**, Chief Judge, **MATHESON** and **PHILLIPS**, Circuit Judges.
———————————————————

Rickey White, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of
appealability (COA) to appeal the district court's Opinion and Order dismissing his
28 U.S.C. § 2254 habeas petition for lack of jurisdiction as an unauthorized successive
petition. We deny a COA and dismiss this matter.

An Oklahoma jury convicted White of first-degree murder in 1983, and the state
court sentenced him to life in prison. The Oklahoma Court of Criminal Appeals affirmed
the conviction and sentence. In 2000, White filed a § 2254 habeas petition, which the

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se filings. *See Licon v. Ledezma*, 638 F.3d 1303,
1305-06 (10th Cir. 2011).

district court dismissed as untimely.  White applied for a COA, but this court denied the request and dismissed the matter in 2003.

Since that time, White has filed over ten successive § 2254 habeas petitions.  He filed another one to commence the underlying action, but the district court dismissed that petition as an unauthorized second or successive habeas petition.  White now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, White must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue.  *Id.* at 485.

The district court's dismissal of White's habeas petition as time-barred back in 2000 "was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the [Antiterrorism and Effective Death Penalty Act of 1996] requirements."  *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011).  A state prisoner, like White, may not file a second or successive § 2254 habeas petition unless he first obtains an order from this court authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

White does not address the district court's procedural ruling in his COA application; instead, he challenges the validity of his underlying conviction. He does not dispute he filed a successive § 2254 habeas petition without authorization from this court or otherwise discuss the district court's reasoning. He has therefore failed to show jurists of reason would debate the correctness of the district court's procedural ruling dismissing his unauthorized successive § 2254 habeas petition for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant White's motion for leave to proceed without prepayment of costs or fees. All other pending motions are denied.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk