**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TYRONE L. JOHNSON,

    Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

    Respondent - Appellee.

No. 18-5068
(D.C. No. 4:18-CV-00275-JHP-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **BACHARACH**,
Circuit Judges.
_____

Tyrone L. Johnson seeks a certificate of appealability (COA) to appeal the district

court's dismissal of his 28 U.S.C. § 2254 habeas application for lack of jurisdiction. We

deny a COA and dismiss this appeal.

Johnson is an Oklahoma state prisoner proceeding pro se. After a jury trial, he

was convicted in 1993 of four counts of first-degree felony murder and sentenced to four

consecutive terms of life imprisonment without the possibility of parole. Following an

unsuccessful direct appeal, Johnson filed a § 2254 application in 1999. The district court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted Johnson's motion to voluntarily dismiss that application without prejudice. Johnson filed another § 2254 application in 2012. The district court dismissed that application as time-barred. This court denied a COA.

In 2018, Johnson filed his third-in-time § 2254 application. The district court held that this latest filing was successive and unauthorized, and dismissed it for lack of jurisdiction. Johnson now seeks to appeal the district court's judgment. He must obtain a COA to pursue an appeal. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding a state prisoner must obtain a COA to appeal a final order in a habeas corpus proceeding); *cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding a federal prisoner must obtain a COA to appeal a district court's dismissal of an unauthorized second or successive motion under 28 U.S.C. § 2255 for lack of jurisdiction).

Because the district court's ruling rested on procedural grounds, Johnson must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). We liberally construe Johnson's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

Johnson does not dispute that he intended to challenge his 1993 felony murder convictions in his latest § 2254 application. His previous habeas application, filed in 2012, was dismissed as time-barred. That disposition counted as a decision on the merits. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam).[1] Because his latest § 2254 application attempted to assert or reassert a federal basis for relief from the same underlying conviction, the district court concluded that it was successive and unauthorized and dismissed it for lack of jurisdiction. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). Johnson's assertion that his underlying constitutional claims are meritorious, deserve review, and are debatable by jurists of reason does not show that the district court's procedural ruling—its dismissal of his application as successive and unauthorized—is debatable.

---

[1] Johnson argues that his 2012 application was *improperly* dismissed as time-barred, but we previously denied his request for a COA on that issue. Moreover, an assertion that the district court should have reached the merits of his claims in that application, rather than dismissing them as time-barred, does not establish that his latest application is not successive.

Because Johnson has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA and dismiss this appeal.[2]

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[2] In his combined opening brief and request for a COA, Johnson appears to ask this court to grant him authorization to file a successive habeas application. But because he does not address the statutory requirements for authorization, we decline to construe his filing as a request for authorization, which requires a different showing than a request for a COA. Johnson may separately file a motion for authorization, which will be granted only if he is able to demonstrate that he has new claims that rely on (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) a factual predicate that "could not have been discovered previously through the exercise of due diligence" and that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A)-(B).