**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHESTER LOYDE BIRD,

      Petitioner - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS STATE
PENITENTIARY WARDEN;
WYOMING ATTORNEY GENERAL,

      Respondents - Appellees.

No. 16-8031
(D.C. No. 2:98-CV-00183-WFD)
(D. Wyo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **HARTZ**, Circuit Judges.

Chester Bird, a Wyoming state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision construing his

Fed. R. Civ. P. 60(b) motion as an unauthorized second-or-successive 28 U.S.C.

§ 2254 petition and dismissing it for lack of jurisdiction. We deny a COA and

dismiss this matter.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1994, Mr. Bird pled guilty to one count of first-degree sexual assault and one count of kidnapping and was sentenced to two concurrent life sentences. Over the last two decades, Mr. Bird has filed numerous motions in state court seeking to withdraw his guilty plea and challenge the legality of his sentence, but the Wyoming Supreme Court has upheld his convictions and sentence. Mr. Bird has been equally unsuccessful in federal court: the district court has denied four petitions for habeas relief against the Wyoming Department of Corrections, and this court has denied four applications for a COA and one motion to file a second-or-successive § 2254 petition.

Relevant here, Mr. Bird filed a § 2254 petition in 1998. The district court denied the petition and dismissed the case in 1999, and we denied Mr. Bird's application for a COA. *See Bird v. Everett*, No. 99-8108, 2000 WL 717089, at \*1 (10th Cir. June 2, 2000). In December 2015, Mr. Bird filed a motion under Fed. R. Civ. P. 60(b)(6), seeking relief from the district court's 1999 dismissal order. On March 21, 2016, the district court concluded that the Rule 60(b) motion constituted an attempt to file a second-or-successive § 2254 motion without prior authorization and dismissed the motion for lack of jurisdiction. The district court also concluded that it was not in the interests of justice to transfer the motion to this court because Mr. Bird did not assert a meritorious claim. Mr. Bird now seeks a COA to appeal from the district court's March 21, 2016, order.

To obtain a COA, Mr. Bird must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second-or-successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second-or-successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A prisoner's post-conviction filing, however entitled, should be treated as a second-or-successive § 2254 petition if it seeks to present new claims for relief from a state court's judgment of conviction, *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), and does not "seek[] to correct an error in the previously conducted habeas proceeding itself," *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). A Rule 60(b) motion may not be treated as a second-or-successive § 2254 petition if it challenges "a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or "a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

In his Rule 60(b) motion, Mr. Bird argued that (1) the state sentencing judge misstated the maximum sentence before Mr. Bird entered his guilty plea, and (2) the

Wyoming Supreme Court committed a procedural error by applying the wrong standard of review during his first appeal. He thus asserted a basis for relief from his underlying convictions and did not raise a claim about a procedural ruling of the habeas court or a defect in the integrity of his federal habeas proceeding, as contemplated by *Gonzalez* and *Spitznas*.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Bird's Rule 60(b) motion as an unauthorized second-or-successive § 2254 petition. Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -