**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DARVIN W. GRAY,

    Petitioner - Appellant,

v.

CARRIE BRIDGES, Warden,

    Respondent - Appellee.

No. 23-7065
(D.C. No. 6:23-CV-00045-JFH-GLJ)
(E.D. Okla.)

_____

## ORDER[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Darvin Gray, an Oklahoma state prisoner proceeding pro se, seeks to appeal the district court's denial of his motion nominally denominated to be premised under Federal Rule of Civil Procedure Rule 60(b).[1] Because this motion is substantively a 28 U.S.C. § 2254 petition, we construe Gray's appeal as an application to file a second or successive habeas petition. Exercising jurisdiction under 28 U.S.C. § 2244, we deny his application.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Gray is proceeding pro se, we liberally construe his filings. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [pro se litigants'] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as [their] advocate.").

## BACKGROUND

### I.   State Conviction and Prior Habeas Proceedings

In 2013, Darvin Gray, an enrolled member of the Muscogee (Creek) Nation, was convicted of rape by instrumentation, forced oral sodomy, and lewd molestation of a minor. For these crimes, he was sentenced to 50 years' imprisonment and two life terms, all to run concurrently. In 2016, after unsuccessfully appealing his conviction and seeking state-postconviction relief, he filed a petition under 28 U.S.C. § 2254. The district court denied the petition, and we denied a COA. *Gray v. Whitten*, 815 F. App'x 240, 248 (10th Cir. 2020) (unpublished).

That same year, the Supreme Court decided *McGirt v. Oklahoma*, 140 S. Ct. 2452, 2482 (2020), in which it ruled that Congress has not disestablished the Creek Reservation in Oklahoma, meaning that the Major Crimes Act, 18 U.S.C. § 1153, governs enumerated prosecutions against Indians who commit crimes in Indian country. *See McGirt*, 140 S. Ct. at 2459–60; *see also* § 1153(a). After *McGirt*, Gray again sought postconviction relief in Oklahoma state court, which the court denied on the grounds that *McGirt* didn't apply retroactively because it had announced a procedural rule. The Oklahoma Court of Criminal Appeals affirmed. *Gray v. Oklahoma*, No. PC-2022-618, at 1 (Okla. Crim. App. Aug. 26, 2022) (unpublished). Gray neither filed another § 2254 petition nor applied to us for an order authorizing such a petition.

## II.    Gray's Rule 60(b) Motion

In February 2023, Gray filed the instant motion in federal district court nominally denominated as one under Federal Rule of Civil Procedure 60(b)(4) and (6), asserting that his state-court judgment is void because *McGirt* stripped Oklahoma of criminal jurisdiction.[2] The district court dismissed the motion on the merits, ruling that Rule 60(b) "is only applicable to federal judgments" "but the judgment he is challenging is from a state court, not a federal court." R. vol. 1, at 10. But before dismissing the motion, the district court advised Gray that he must file a petition under § 2254 to challenge his conviction. Without doing so, Gray then filed a "Motion For Judicial Notice" in our court, R. vol. 1, at 19, which we construed as "a misdirected notice of appeal," *id.* at 25.[3]

---

[2] Gray didn't file his motion in his prior habeas docket but instead opened a new proceeding. His motion summarizes *McGirt*, and he claims that since 1987 he has been an enrolled member of the Muscogee (Creek) Nation with Creek Blood. But the motion lacks supporting facts—such as his state-court case number or whether he committed his crimes in Indian country. Yet the district court clarified that "he is serving two sentences of life without parole from Muskogee County District Court Case No. 2011-951." R. vol. 1, at 10.

[3] We forwarded the motion to the district court to prepare the preliminary record, as required under 10th Cir. R. 3.2.

## DISCUSSION

As discussed below, we view Gray's Rule 60(b) motion as a second-or-successive § 2254 petition, construe his "Motion For Judicial Notice" as an application for authorization to file that petition, and deny his application.

## I.    Gray's Rule 60(b) motion is in fact a second-or-successive § 2254 petition.

Our caselaw counsels that we must consider the "relief sought, not the pleading's title" to determine whether a filing is a habeas petition. *In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008) (cleaned up). "[A] 60(b) motion is a [habeas] petition if it in substance or effect asserts . . . a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). And a "claim that the state court lacked jurisdiction over [a prisoner] is an attack on his conviction and sentence," which must "be brought under § 2254." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).

We disagree with the district court that Gray presented a true Rule 60(b) motion. In his motion, Gray argues that the State of Oklahoma lacked jurisdiction to prosecute him for the charged state crimes, which he contends voids his judgment. So though labeled as a Rule 60(b) motion, Gray's motion is in fact a § 2254 petition. *See, e.g.*, *Bird v. Wyo. Dep't of Corr. State Penitentiary Warden*, 667 F. App'x 693, 694 (10th Cir. 2016) (unpublished)

(construing a Rule 60(b) motion as a § 2254 petition). And because Gray filed his first § 2254 petition in 2016, the instant motion is his second petition.

## II. We construe Gray's "Motion For Judicial Notice" as an application to file a second § 2254 petition and deny his application.

For a district court to have jurisdiction over a second or successive § 2254 petition, the petition must first be authorized by the appropriate circuit court.[4] 28 U.S.C. § 2244(b)(3)(A). Gray has never received our authorization to file a second § 2254 petition, so the district court lacked jurisdiction to consider the instant motion. *See Cline*, 531 F.3d at 1251. Thus, we exercise our discretion to construe Gray's "Motion For Judicial Notice" as an application to file a second or successive § 2254 petition. *See, e.g.*, *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("We will, however, treat Mr. Nelson's notice of appeal and appellate brief as an implied application to this court for leave to file a second § 2255 motion."); *United States v. Williams*, 790 F.3d 1059, 1077 (10th Cir. 2015) ("[W]e now exercise our discretion to treat his appellate brief as a request for authorization to file a successive § 2255 motion.").

---

[4] A district court faced with an unauthorized second-or-successive § 2254 petition has "two options: it must either dismiss the motion or, if it is in the interests of justice, transfer the motion to the circuit court for authorization." *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017); *see also* 28 U.S.C. § 1631. Here, the district court did neither, nor did Gray request such a transfer.

We may authorize a second-or-successive habeas claim if it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[5] 28 U.S.C. § 2244(b)(2)(A). Despite Gray's arguments to the contrary, this court has resolved that *McGirt* created no new constitutional rule. *See Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023). Rather, Gray's claim hinges on the constitutional right to be prosecuted in a court of competent jurisdiction. But the Supreme Court recognized that right over a hundred years ago in *Frank v. Mangum*, 237 U.S. 309, 326 (1915). Thus, Gray has not presented a claim based on "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). We deny his application to file a second or successive § 2254 petition.[6]

---

[5] We also authorize claims that rely on newly discovered evidence that show "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). Gray has not presented newly discovered evidence proving his innocence.

[6] "The denial of authorization is not appealable and 'shall not be the subject of a petition for rehearing or for a writ of certiorari.'" *In re Rains*, 659 F.3d 1274, 1275–76 (10th Cir. 2011) (quoting § 2244(b)(3)(E)).

## CONCLUSION

For these reasons, we dismiss this matter with instructions to the district court to vacate its order and dismiss the habeas petition for lack of jurisdiction.

Entered for the Court

Gregory A. Phillips
Circuit Judge